Martin **SANCHEZ–DELGADILLO,** Petitioner,

v.

Eric H. **HOLDER, Jr.,** Attorney General, Respondent.

No. 10–73593.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2012.*

Filed Aug. 15, 2012.

Martin Sanchez–Delgadillo Fontana, CA, for Petitioner.

Lynda Do, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice Office Of The Chief Counsel Department Of Homeland Security San Francisco, CA, for Respondent.

Before: ALARCÓN, BERZON, and IKUTA, Circuit Judges.

MEMORANDUM **

Martin Sanchez–Delgadillo, a native and citizen of Mexico, petitions pro se for re-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

view of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we grant the petition for review and remand for further proceedings.

The agency abused its discretion in denying Sanchez–Delgadillo's motion to reopen on the ground that he failed to establish lack of notice. The record did not contain any proof of attempted service or notice of certified mail for Sanchez–Delgadillo's April 27, 1995, notice of hearing. *See* 8 U.S.C. § 1252b(a)(2)(B) (1995) (notice of hearing shall be given in person or sent by certified mail); *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995) (certified mail required for notices of hearing sent by mail in deportation proceedings). We therefore remand to the BIA to determine whether Sanchez–Delgadillo had actual notice of his April 27, 1995, hearing. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In light of our disposition, we need not reach Sanchez–Delgadillo's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).